**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TARAND KINDRED,

            Plaintiff,

  - v -                 Civ. No. 9:13-CV-1229
                        (BKS/RFT)

J. RIVERS, *Correction Officer, Franklin Corr. Facility*,

            Defendant.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| TARAND KINDRED<br>Plaintiff, *Pro Se*<br>23 Barrows Street<br>Jamestown, NY 14701 | |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General for the State of New York<br>Attorney for Defendant<br>The Capitol<br>Albany, NY 12224 | COLLEEN D. GALLIGAN, ESQ.<br>Assistant Attorney General |

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Tarand Kindred initiated this civil rights action, pursuant to 42 U.S.C. § 1983, in October 2013. Dkt. No. 1, Compl. At that time, he was an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), and was being held at Clinton Correctional Facility. In his Complaint, Plaintiff alleges that while incarcerated at Franklin Correctional Facility, his constitutional rights were violated by three Defendants, two of whom were *sua sponte* dismissed by the Honorable Lawrence E. Kahn, Senior United States District Judge, for failure to state a cognizable claim. Dkt. No. 8. Judge Kahn also dismissed claims that Defendant Rivers issued Plaintiff a false misbehavior report and verbally

abused him, but allowed Plaintiff's claim of excessive force against Defendant Rivers to proceed. *Id.*

After the filing of the Defendant Rivers's Answer (Dkt. No. 14), this Court issued a Mandatory Pretrial Discovery and Scheduling Order (Dkt. No. 15). Therein, and in accordance with Federal Rule of Civil Procedure 30(a)(2)(B), the Court's Scheduling Order granted permission for Defendant to take Plaintiff's deposition. Dkt. No. 15 at pp. 4-5. That portion of the Order sets forth the time frame for which a properly noticed deposition may proceed. It also contained the following admonition:

> The failure of the Plaintiff(s) to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action pursuant to FED. R. CIV. P. 37. Objections made in good faith in accordance with governing rules are not prohibited.

*Id.* at p. 5.

The Court's Scheduling Order set a discovery deadline of November 24, 2014, with dispositive motions to be filed by January 22, 2015.

On November 18, 2014, Defendant's counsel filed a Letter-Motion seeking a stay of the discovery and dispositive motion filing deadlines. Dkt. No. 16. Counsel explained that she had complied with the Court's Mandatory Scheduling Order on August 5, 2014, when she served Plaintiff with the mandatory disclosure and a notice of deposition scheduling Plaintiff's deposition for November 12, 2014, at Clinton Correctional Facility. *Id.* However, on November 10, 2014, when confirming Plaintiff's scheduled deposition, counsel was informed by the Inmate Records Coordinator that Plaintiff had been released from custody on October 30, 2014, which according to DOCCS' website is the maximum expiration date of his sentence. *Id.* Counsel further noted that she had not been advised by Mr. Kindred of his updated address, has not had an opportunity to take

his deposition, and had not received any mandatory disclosure nor discovery demands from Plaintiff. Having determined that Defendant established good cause for the extension request, the Court extended the discovery deadline to January 20, 2015, "for the sole purpose of affording counsel . . . the opportunity to reschedule and conduct plaintiff's deposition[.]" Dkt. No. 17. The Court also reset the dispositive motion filing deadline and warned Plaintiff that his failure to promptly notify the Court and opposing counsel of his current address would result in dismissal of his action. *Id*. Not surprisingly, that Court Order was returned to the Court as "undeliverable" in light of Plaintiff's release from incarceration. Dkt. No. 18.

Coincidentally, at the time the Court's mailing was returned as undeliverable, the Plaintiff telephoned our Clerk's Office to inform the Court of a change in his address, and he was advised to submit this change to the Court in writing. *See* Text Notice, dated Dec. 12, 2014. On December 18, the Court received Plaintiff's formal Notice of Change of Address. Dkt. No. 20.

With that filing, this matter seemed to be back on course, and yet, on February 18, 2015, the Court received Defendant's Motion to Dismiss for Lack of Prosecution. Dkt. No. 22. Defendant's counsel's avers that upon learning of Plaintiff's updated civilian address, she served Plaintiff with a Notice of Deposition, scheduling his deposition for January 9, 2015. Dkt. No. 22, Colleen D. Galligan, Esq., Affirm., dated Feb. 18, 2015. Plaintiff, however, failed to appear for that deposition, and never notified the Defendant prior to nor after the deposition as to why he could not, and did not, attend. *Id*. at ¶ 16. Counsel attached a copy of the Notice she served on Plaintiff along with the certificate of service; she avers that this mailing was never returned to her as undeliverable. *Id*. at ¶ 15 & Ex. A.

A response to Defendant's Motion was due by March 16, 2015, yet no response was

forthcoming. On April 1, 2015, this Court *sua sponte* extended Plaintiff's time to respond to the pending Motion, but, noting the age of the case, we noted that no further extensions would be granted absent a showing of extraordinary circumstances. Dkt. No. 23. That Order also contained the following warning:

> **Plaintiff is warned that failure to oppose Defednant's Motion could result, if appropriate, in the granting of Defendant's Motion, in which there will be no trial**. *See* N.D.N.Y.L.R. 7.1(b)(3) ("Failure by the non-moving party to file or serve any papers as required by this Rule shall be deemed by the court as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.")[.]
>
> *Id*. at p. 2 (emphasis in original).

The Court directed the Clerk of the Court to serve that Order on Plaintiff by certified mail, return receipt requested. *Id*. The return receipt filed on the Court's Docket suggests that Plaintiff is now located at a different address: "214 W 7th St. 14701". Dkt. No. 24. Despite being provided additional time, Plaintiff has not responded to Defendant's Motion.

Defendant seeks dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) based upon Plaintiff's apparent failure to prosecute this matter. Dkt. No. 22. Because Plaintiff's actions, or rather inaction, concern his failure to abide by Court Orders and attend his deposition, we first start with Federal Rule of Civil Procedure 37(b)(1), which states, "[i]f the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court." Rule 37 further authorizes an array of sanctions to be imposed when a party fails to comply with a court order. FED. R. CIV. P. 37(b)(2); *see also* N.D.N.Y.L.R. 1.1(d) ("Failure of . . . a party to comply with any provision of these Rules, General Orders of this District, Orders of the Court, or the Federal Rules of Civil or Criminal Procedure shall be a ground for imposition of sanctions."). Included as a sanction in Rule 37(b)(2) is the remedy of dismissal against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(v). Sanctions

are also available, upon motion, for a party's failure to attend his own deposition. FED. R. CIV. P. 37(d)(1)(A)(i).

Similarly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also* N.D.N.Y.L.R. 41.2. "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)); *see also Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd without opinion*, 152 F.3d 917 (2d Cir. 1998), (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)). Given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme circumstances." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). Further, a court must be cognizant of the special latitude to be given to a *pro se* litigant. *Webb v. Bermudez*, 1996 WL 599673, at *1 (S.D.N.Y. Oct. 17, 1996) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) for the proposition that "dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding.").

In considering whether dismissal is the proper action herein, we must consider the following: (1) the duration of Plaintiff's failure to comply with the Court's Orders; (2) whether Plaintiff was on notice that failure to comply would result in dismissal; (3) whether the Defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its Docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the

Court has adequately considered a sanction less drastic than dismissal. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Pert v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). Generally, no factor alone is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d at 485.

After reviewing Defendant's Motion and the entire Docket Report, we find that Plaintiff has exhibited an apparent unwillingness to participate in this litigation. The Court's Scheduling Order was clear as to what would constitute adequate notice with regard to Plaintiff's deposition. And, in accordance with those parameters, Defendant twice provided clear notice to Plaintiff as to when his deposition would occur. There is no indication that Plaintiff did not receive proper notice of his scheduled depositions, and yet, he failed to contact the Defendant's counsel to alert her as to any difficulty he faced in appearing, thus causing Defendant to incur unnecessary costs.[1]

Indeed, it appears to this Court that Plaintiff has abandoned his pursuit of this action. At no point did he provide mandatory disclosure to the Defendant, nor did he utilize the discovery tools at his disposal in order to obtain information from Defendant. With the passing of the discovery deadline, Plaintiff's behavior has invariably prejudiced the Defendant's ability to properly defend this matter. Plaintiff has patently ignored the Court's Order directing him to participate in discovery and in his deposition in good faith. The Court has provided ample warnings to Plaintiff, and yet, Plaintiff has scoffed at these warnings and chosen not to oppose Defendant's request for dismissal. Just as our dictates and admonitions have fallen on deaf ears, so too would imposing less drastic sanctions. Defendant cannot be expected to combat Plaintiff's charges without the benefit of having his testimony recorded before trial and we will not direct Defendant to incur any further unnecessary

---

[1] Counsel indicates that the Office of the Attorney General incurred $150.00 in court reporter fees as a result of Plaintiff failing to appear for his December deposition. Dkt. No. 22-2, Colleen D. Galligan, Esq., Affirm., dated Feb. 18, 2015, at ¶ 17, & Ex. C.

costs associated with an action that Plaintiff ostensibly, given his failure to defend against the Motion, has no desire to litigate. Given Plaintiff's behavior and inattention to our Court Orders, we are left with only one suitable sanction, dismissal. *See Salahuddin v. Harris*, 782 F.2d at 1132 (dismissal against *pro se* litigants should be granted only when they deliberately frustrate the process, not when they do so through a misunderstanding).

**WHEREFORE**, after due deliberation and for the reasons stated above, it is

**RECOMMENDED**, that Defendant's Motion to Dismiss for Lack of Prosecution (Dkt. No. 22) be **granted** and this action be **dismissed**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, & 6(e).

Date: August 26, 2015
       Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge